IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| LA SARA OPERATING COMPANY, LLC, | § § | Case No. 16-30453 (DRJ) |
| Debtor. | § § § | |

**MINERAL OWNERS' OBJECTION TO TRUSTEE'S EXPEDITED MOTION FOR
AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND CLAIMS
AND FOR OTHER RELIEF**
<u>(this matter refers to Dkt 58)</u>

Daniel Y. Butler, individually; and as Trustee of the Daniel Y. Butler Trust created under Trust Indenture dated July 10, 1974; as Co-Trustee of the Leonor Yturria Wood Testamentary Exempt Trust F/B/O Daniel Y. Butler; as Co-Trustee of the Leonor Yturria Wood Testamentary Non-Exempt Trust F/B/O Daniel Y. Butler; as Co-Trustee of the Leonor Yturria Wood Testamentary Exempt Trust F/B/O Richard E. Butler II; as Co-Trustee of the Leonor Yturria Wood Testamentary Non-Exempt Trust F/B/O Richard E. Butler II; and as Trustee of the Daniel Y. Butler Trust U/W/O Leslie O. Levi; Richard E. Butler II, individually, as Trustee of the Richard E. Butler II Trust created under Trust Indenture dated July 10, 1974; as Co-Trustee of the Leonor Yturria Wood Testamentary Exempt Trust F/B/O Daniel Y. Butler; as Co-Trustee of the Leonor Yturria Wood Testamentary Non-Exempt Trust F/B/O Daniel Y. Butler; as Co-Trustee of the Leonor Yturria Wood Testamentary Exempt Trust F/B/O Richard E. Butler II; as Co-Trustee of the Leonor Yturria Wood Testamentary Non-Exempt Trust F/B/O Richard E. Butler II; as Trustee of the Richard E. Butler II GST Exempt Trust U/W/O Leslie Levi; and as Trustee of the Richard E. Butler II GST Non-Exempt Trust U/W/O Leslie O. Levi; and Fausto Yturria, Jr., Martin E. Garcia, Dorothy Elizabeth Hablinski, Mary Eleanor Yturria Wilkerson,

The Lillie M. Tijerina Family Limited Partnership, VSR Royalties, Ltd., Zarate Family, Ltd., Garmon Enterprises III, Ltd., JS Family Investment Partnership, Ltd., John Anthony Garcia Family Partnership, Ltd., Mary B. Mallet Royalties Partnership, Ltd., MGB Royalty Partnership, Ltd., The Isabel Garcia Family Limited Partnership, M.A. Garcia Family Limited Partnership, Schulz Family Royalties Partnership, Ltd., William J. Thomas, Mike Neal, Maria Lee Semelsberger, Betka Mineral Partners, Ltd., and A-3 Minerals, L.P (collectively, "Mineral Owners") in the above-captioned case, hereby file this objection to the Trustee's Expedited Motion for (a) Authority to Sell Property Free and Clear of Liens and Claims by Auction, (b) Approval of Bidding Procedures and Designation of Stalking Horse Bidder, (c) Establishment of Inspection Procedures, and (d) Motion to Extend Deadline to Assume or Reject Executory Contracts and for Authority to Assume and Assign Executory Contracts in Connection with Sale (Dkt. 58) (the "Motion") as follows.

1. Prior to the Petition Date, the Mineral Owners executed certain oil and gas leases under which the Trustee contends that the estate owns an interest. Specifically, the Mineral Owners were parties to the Oil and Gas Lease dated April 11, 2005, from Fausto Yturria, Jr., et al., to BLAKEnergy, Ltd., as amended (the "Roadrunner Lease") and the Oil and Gas Lease dated December 1, 2001, from Fausto Yturria, Jr., et al. to Swift Energy Company, as amended (the "Crane-Mallard Lease" and together, the "Leases"). Both of the Leases provide for a partial termination of the Leases after the primary term if and when there is a cessation of "continuous drilling operations."

2. While the Court has suggested that any sale of the estate's interests in the Leases would be subject to the Mineral Owners' claim that the Leases have terminated (and the approved bid procedures so state) in an abundance of caution the Mineral Owners make this

formal objection to the sale. The Trustee's Motion seeks to sell the estate's alleged 34.5% interest in the Leases to the winning bidder, free and clear of all liens, claims and encumbrances. The proposed order previously submitted by the Trustee provides that:

> The sale of the Assets pursuant to this Order will vest the Buyer with valid and indefeasible title to the Assets, and will be a legal, valid, and effective transfer of the Assets, free and clear of all liens, claims, interests, and encumbrances including but not limited to those items set forth in this Order.

Proposed Order ¶ 25.

3. Based on the information currently available, the Mineral Owners believe that the Leases have terminated by their terms except as to "production units" (as defined in the Leases) around producing wells because of the cessation of continuous drilling operations.[1] Thus, the Trustee does not own an interest in the Leases except as to the production units allocable to wells that were producing as of the date of cessation of continuous drilling operations and that have continued to produce since that date. The Trustee cannot sell an interest in property that she does not own. *See Rutherford Hosp., Inc. v. RNH Partnership*, 168 F.3d 693, 699 (4th Cir. 1999); *In re Murchison*, 54 B.R. 721, 725 (Bankr. N.D.Tex. 1985); *In re Signal Hill-Liberia Ave. Ltd.,* 189 B.R. 648, 651-52 (Bankr. E.D. Va. 1995). Accordingly, unless the order approving the Motion specifically preserves the Mineral Owners' claim that the Leases have partially terminated, the Mineral Owners object to the Motion to the extent that it seeks approval to sell the estate's interest in the Leases free and clear of the Mineral Owners' claim that the Leases have terminated.

4. The Mineral Owners also object to the Motion to the extent that it seeks approval of the sale of certain intellectual property owned by the Mineral Owners and licensed to the

---

[1] Per the Leases a "production unit" consists of an area surrounding a well no greater than 40 acres for wells less than 10,000 feet, and no greater than 80 acres for wells greater than 10,000 feet.

Debtor. Among the assets the Trustee is purporting to sell to the winning bidder pursuant to an unsigned version of the Asset Purchase Agreement are the following:

> xi. any books, records, or other documents related to the Properties in the possession, custody, and/or control of the Seller including but not limited to:
>
>> 1. the well schematics, well bore logs;
>>
>> 2. all records, files, contracts, orders, agreements, permits, licenses (including all 2D and 3D seismic licenses and data pertaining to the Properties), easements, maps, data, schedules, reports and logs relating to the Properties;
>>
>> 3. all intellectual property, including all copyrights, patents and trademarks, owned, used or licensed by Seller in connection with the Properties and used or held for use exclusively in the ownership and operation of the Properties, including, for the avoidance of doubt all seismic, geological, geochemical or geophysical data owned or licensed by Seller and any of Seller's interpretations of such data, including all interpretations and analysis obtained by, or on behalf of, Seller and/or any of its predecessors in title; for the avoidance of doubt, this shall include any studies, interpretations or analysis performed by consultants or other personnel which were made available to the seller or any of its predecessors in title.

5. The seismic data relating to the Leases is owned by the Mineral Owners and licensed to the lessees pursuant to a Data License and Option Agreement ("License Agreement"). The License Agreement provides in relevant part:

> 1.1 [Mineral Owners] are the owners of the Seismic Data. Subject to the terms and conditions of this agreement, [Mineral Owners] hereby grant to Grantee a non-exclusive license to use the Seismic Data provided to Grantee under this agreement.

6. Pursuant to section 365(c) of the Bankruptcy Code, non-exclusive rights to use intellectual property are not assignable by the licensee in bankruptcy unless the licensor consents. *See, e.g., In re Patient Educ. Media, Inc.,* 210 B.R. 237, 243-244 (Bankr. S.D.N.Y. 1997), and *In re Golden Books Family Ent. Inc.*, 269 B.R. 300, 309 (Bankr. D. Del. 2001). The Mineral Owners do not consent to the assignment of the seismic data and to the extent the Trustee seeks to sell and assign the seismic data owned by the Mineral Owners to the winning bidder the Mineral Owners hereby object.

WHEREFORE, the Mineral Owners respectfully request that the Court deny the relief requested in the Motion to the extent the Trustee seeks to sell assets free and clear of the Mineral Owners' claim that the Leases have terminated, and to the extent the Trustee seeks to sell the Mineral Owners' seismic data, and grant such other and further relief as it deems just, both at law and in equity.

Dated:  February 14, 2017          Respectfully submitted,

**ANDREWS KURTH KENYON LLP**

By:  /s/ David A. Zdunkewicz
David A. Zdunkewicz
Texas Bar No. 22253400
Ashley L. Harper
Texas Bar No. 24065272
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Facsimile:  (713) 220-4285
dzdunkewicz@andrewskurth.com
ashleyharper@andrewskurth.com

*Counsel for Daniel Y. Butler; Richard E. Butler II; and Fausto Yturria, Jr.*

**GRAVES, DOUGHERTY, HEARON & MOODY, P.C.**

401 Congress Avenue
Suite 2200
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926

By: /s/ Brian T. Cumings  (by permission)
Christopher H. Trickey
State Bar No. 24014720
ctrickey@gdhm.com
Brian T. Cumings
State Bar No. 24082882
bcumings@gdhm.com

5

**ATTORNEYS FOR CREDITORS MARTIN E. GARCIA, DOROTHY ELIZABETH HABLINSKI, MARY ELEANOR YTURRIA WILKERSON, THE LILLIE M. TIJERINA FAMILY LIMITED PARTNERSHIP, VSR ROYALTIES, LTD., ZARATE FAMILY, LTD., GARMON ENTERPRISES III, LTD., JS FAMILY INVESTMENT PARTNERSHIP, LTD., JOHN ANTHONY GARCIA FAMILY PARTNERSHIP, LTD., MARY B. MALLET ROYALTIES PARTNERSHIP, LTD., MGB ROYALTY PARTNERSHIP, LTD., THE ISABEL GARCIA FAMILY LIMITED PARTNERSHIP, M.A. GARCIA FAMILY LIMITED PARTNERSHIP, SCHULZ FAMILY ROYALTIES PARTNERSHIP, LTD., WILLIAM J. THOMAS, MIKE NEAL, MARIA LEE SEMELSBERGER, BETKA MINERAL PARTNERS, LTD., AND A-3 MINERALS, L.P.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 14, 2017, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system on the parties registered to receive electronic notices in this case.

By:   /s/ David A. Zdunkewicz
      David A. Zdunkewicz